# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | Crim. No. 02-484-01 (TFH) |
| vs. | ) | |
| | ) | |
| | ) | |
| CHI FAI CHENG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Pending before the Court is Mr. Cheng's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Dkt. # 145. The Government filed an Opposition. Dkt. # 148. The motion is **DENIED** because it is procedurally barred and/or meritless. No hearing is required because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

## I. BACKGROUND

On July 25, 2003 a jury convicted Mr. Cheng of conspiracy to defraud the United States in violation of 18 U.S.C. § 371. On October 17, 2003 this Court sentenced Mr. Cheng to 51 months in prison followed by a 3-year term of supervised release and ordered forfeiture of $350,000. Defendant appealed the sentence and was later released pending the appeal. According to the motion, the opposition and the exhibits thereto, in February 2005, while waiting for a decision on his appeal, Mr. Cheng apparently participated in a debriefing with the U.S. Attorney's Office ("USAO") for the Eastern District of Virginia ("EDVA") in which he provided certain assistance to the government

with respect to another investigation targeting a Mr. George Tsai, among others (the "2005 Debriefing"). This debriefing was apparently a follow-up to an interview that Mr. Cheng gave the EDVA USAO in August 2003 and possibly another in September 2003 regarding the same investigation (the "2003 Interviews").

The D.C. Circuit affirmed Mr. Cheng's conviction on September 21, 2006 but remanded the case for resentencing as consistent with *United States v. Booker*, 543 U.S. 220 (2005). Dkt. # 140. On March 1, 2007, the Court resentenced Mr. Cheng to 37 months in prison followed by a 3-year term of supervised release. At the resentencing the Court had before it a letter from the EDVA USAO confirming the *invitation for*—but not the *outcome of*—the 2005 Debriefing. Letter from J. Gillis (EDVA USAO) to J. Rudasill, Jr. (Counsel for Mr. Cheng) (Feb. 12, 2005) (the "February 2005 Proffer Letter"). Mr. Cheng did not appeal his new sentence. On March 30, 2007, apparently in response to a request from defense counsel, the EDVA USAO sent a letter to defense counsel detailing the assistance Mr. Cheng provided in the 2005 Debriefing. Letter from J. Gillis to J. Rudasill, Jr., copying J. Malis (D.C. AUSA) (Mar. 30, 2007) (the "March 2007 Letter").

On October 31, 2007 Mr. Cheng filed this motion in which he claims that (i) the government should have discovered and presented the details of Mr. Cheng's assistance to the EDVA USAO at the March 1, 2007 resentencing hearing, and (ii) the March 2007 Letter, in bad faith and to his detriment, minimized the value of Mr. Cheng's assistance rendered in the 2003 Interviews.

## II. DISCUSSION

Mr. Cheng first argues that a generic duty to act in good faith created a government duty to discover and present the details of his assistance to the EDVA USAO at his resentencing. Mot. at 4. Mr. Cheng offers no precedent for this theory and the Court declines to create one. Moreover,

Mr. Cheng's counsel was admittedly fully aware of Mr. Cheng's meetings with the EDVA USAO and explained them to the Court. Tr. at 8–9, 26–27 (Mar. 1, 2007). The Court never indicated that it wouldn't consider such activities under the section 3553 factors because it lacked a government account of them. Furthermore, the Court finds nothing in the record indicating that the prosecutor misled the Court regarding Mr. Cheng's assistance to the EDVA USAO or otherwise interfered with defense counsel's efforts to relay descriptions of such assistance to the Court. *See* Tr. at 20–21. Thus, a summary of Mr. Cheng's activities with the EDVA USAO were before the Court at resentencing. This claim is thus meritless.

The claim is also procedurally barred. Mr. Cheng obviously knew that the government did not present the details of his assistance to the EDVA USAO to the Court during resentencing. He therefore could have raised this claim on appeal. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, . . . or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotation marks omitted); *see also United States v. Spadaro*, No. 10-3005, 2010 U.S. App. LEXIS 20552, at *2 (D.C. Cir. Oct. 1, 2010). Mr. Cheng offers no "cause" for his failure to raise this argument on appeal and the Court conceives none. Mr. Cheng also does not assert that he is "actually innocent." The claim is thus procedurally barred.

Mr. Cheng also appears to argue (or at least imply) that the government improperly failed to make a motion to the Court for a reduction of sentence under Fed. R. Crim. P. 35(b) ("Reducing a Sentence for Substantial Assistance"). The motion references two possible theories of why such a decision was improper. First, the bad faith that the Washington, D.C. USAO displayed in not presenting Mr. Cheng's assistance to the EDVA spilled over into its decision to not grant him a

Rule 35(b) motion. Mot. at 4. Second, because the March 2007 Letter, in bad faith, fails to describe his assistance to the EDVA USAO in the 2003 Interviews, and because the prosecution relied on the letter in denying him a Rule 35(b) motion, the letter's bad faith spilled over into the prosecutor's decision to not grant a Rule 35(b) motion. *Id.* at 4–5.

"[F]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." *Wade v. United States*, 504 U.S. 181, 185–86 (1992). "[A] defendant is not entitled to a remedy or even to discovery or an evidentiary hearing merely by alleging an unconstitutional motive. Rather, the defendant must make a substantial threshold showing of improper motive." *United States v. White*, 71 F.3d 920, 924 (D.C. Cir. 1995) (citing *Wade*). Mr. Cheng has made no such "substantial threshold showing." Thus, the Court has no authority to question the government's decision regarding Rule 35(b), as defense counsel recognized at the resentencing hearing. Tr. at 27.

The Court also notes, however, that Mr. Cheng's theories in this context are flawed. First, as discussed above, there was no bad-faith failure of the government to present the Court with details of Mr. Cheng's assistance to the EDVA USAO at the resentencing hearing. Second, the March 2007 Letter omits details of the 2003 Interviews not out of bad faith but because the meeting was outside its scope. The February 2005 Proffer Letter generally limits its terms to "statements made . . . at the . . . meeting scheduled for February 15, 2005", and excludes statements made "either before or after the referenced meeting." ¶ 4. The letter further promised that "[i]f requested, the government will bring its view of the nature and extent of your client's cooperation to the attention of other prosecuting offices." ¶ 5. The EDVA USAO sent defense counsel the March 2007 Letter pursuant to that promise. Thus, the March 2007 Letter naturally

limited itself to discussing the 2005 Debriefing. No bad faith was involved. The Court thus perceives no improper motive on the part of either the D.C. AUSA or the EDVA USAO in this context.

The motion is therefore **DENIED**.

**SO ORDERED.**

November 17, 2010

Thomas F. Hogan
UNITED STATES DISTRICT JUDGE